## BAXTER v. DETROIT RAILWAY.

1. TRIAL—REMARKS OF COUNSEL.

A judgment for a railroad company in an action to recover for personal injuries will not be reversed because counsel for defendant said to the jury in his argument that they had evidently learned that damage suits for personal injuries had developed into quite a business.

2. SAME.

A judgment for defendant will not be reversed because the trial court allowed counsel for defendant in his argument to the jury to comment on the fact that counsel for plaintiff had objected to the admission of a writing signed by one of plaintiff's witnesses.

Error to Wayne; Frazer, J. Submitted January 6, 1898. Decided March 15, 1898.

Case by Lillie Baxter against the Detroit Railway for personal injuries. From a judgment for defendant, plaintiff brings error. Affirmed.

*Ralph Phelps, Jr.* (*William B. Jackson*, of counsel), for appellant.

*Thomas T. Leete, Jr.*, for appellee.

HOOKER, J. The plaintiff's action was brought to recover for personal injuries received when alighting from the defendant's street car. Testimony was adduced upon her behalf tending to prove that, after the car had stopped, she attempted to alight, when the car was started with a sudden jerk, and she was thrown upon the pavement and injured. Upon the part of the defense, witnesses testified that she attempted to alight before the car stopped, and in disregard of a warning given to her at the time by the conductor "not to get off until the car stopped." The questions of negligence and contributory negligence were

left to the jury, who returned a verdict for the defendant; hence, it is unnecessary to discuss those points which involve only questions pertaining to the measure and amount of damages recoverable.

Upon the argument, counsel for the defendant made use of the following language:

"*Mr. Leete:* During your experience, gentlemen of the jury, on this panel, for two or three weeks, you have evidently learned that the damage suits for personal injuries has developed into quite a business.

"*Mr. Jackson:* I object to that statement as entirely immaterial and incompetent, and I ask an exception.

"*The Court:* Note an exception.

"*Mr. Leete:* As I said a moment ago, and I will repeat it now,—I don't think it needs to be called to your attention very prominently,—you have already learned, from your experience in the court-room, that the pressing of damage suits has become quite a business. It was only a few days ago, I think, that if we made the rounds of the court-rooms, we would have found four or five cases of the same kind. (Objected to by plaintiff's counsel.)

"*The Court:* That is not proper. (Plaintiff's counsel excepts to the remark of defendant's counsel.)"

The court ruled the second statement out as improper. We see nothing in the former that would be likely to prejudice the plaintiff. The most that it can be construed to mean is that these cases should be scrutinized carefully by reason of their character. Had he said this in terms, which we are of the opinion would have been the better way, no objection would have been made.

"*Mr. Leete:* A written statement was made in Mr. Saxton's own parlor as to how this matter happened, and that statement was not satisfactory to him, and it was interlined, and he wrote it in, and this gentleman said he remembered that statement; these interlineations being made. We could not get that statement in evidence because the other side objected to it."

On cross-examination of this witness, it had appeared that, soon after the accident, he made a written statement of the circumstances, and afterwards some changes were

made at the request of the witness.   He was asked why the words, "And I myself thought the car had stopped, until I saw the lady had fallen," were put in.   On the trial he had testified that the car had stopped before she attempted to alight.   This paper was offered in evidence, but was objected to.   The witness admitted the making of the paper, and this interlineation, and the plaintiff's counsel did object to the introduction of the writing.

It is said that counsel had no right to comment on a paper not in evidence.   We do not understand that he did so.   What he did was to comment on the fact that counsel for the plaintiff objected to the admission of a writing signed by one of the plaintiff's witnesses.   We think there was little force in the comment, inasmuch as the identity of the paper was not established, and it was therefore properly excluded.   The learned circuit judge refused to allow comment beyond the bare mention of the fact that a statement was made.   We have repeatedly said that these matters can usually be safely left to the discretion of the trial judge, and the rule is applicable here.

Error is assigned upon the refusal of the eighth and ninth requests to charge upon the part of the plaintiff. We think they were sufficiently covered by the general charge.

The judgment is affirmed.

The other Justices concurred.